JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq., SBN 236229
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DIANE MCKINNEY, DEBORAH MCKINNEY, RICHARD MCKINNEY, JACQUELINE TAYLOR and MICHAEL MCKINNEY as co-successors-in-interest to Decedent JEFFREY MCKINNEY

Plaintiffs,

v.

CITY OF HAYWARD, a municipal corporation; RICARDO FLORES, KENNETH LANDRETH individually and in their official capacity for the HAYWARD POLICE DEPARTMENT; and DOES 1-25, inclusive, individually, jointly and severally,

Defendants.

CASE NO.:

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1. This case arises out of the wrongful death of JEFFREY McKINNEY, an unarmed naked 29-year old man who was shot multiple times in the back by Defendant City of Hayward Police Officers RICARDO FLORES and KENNETH LANDRETH. The Defendant Police Officers shot and killed Mr. McKinney despite the fact that he was naked, unarmed and did not pose a deadly threat to the Officers or anyone else at the time they decided to use deadly force against him.

**JURISDICTION**

2. This action arises under Title 42 of the United States Code, Section 1983. Title 42 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Hayward, California, located in Alameda County and within this judicial district.

**PARTIES**

3. Plaintiffs herein, DIANE MCKINNEY, DEBORAH MCKINNEY, RICHARD MCKINNEY, JACQUELINE TAYLOR and MICHAEL MCKINNEY are the biological sisters and brothers of Decedent JEFFREY McKINNEY and bring this suit as co-successors-in-interest to Decedent JEFFREY MCKINNEY and at all times herein mentioned were citizens of the United States.

4. Defendant CITY OF HAYWARD is responsible for hiring, supervising and disciplining the individual employees, agents and/or servants that carry out its official duties and operates the CITY OF HAYWARD POLICE DEPARTMENT.

5. At all times herein mentioned Defendants RICARDO FLORES and KENNETH LANDRETH, are law enforcement officers in the CITY OF HAYWARD POLICE DEPARTMENT. They are being sued individually and in their official capacities as officers for the CITY OF HAYWARD POLICE DEPARTMENT.

6. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendants so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their

complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

7. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

8. The incident took place on July 6, 2014 at the Phoenix Lodge Hotel located on 500 West A Street in the City of Hayward, California. Decedent, Jeffrey McKinney was visiting Mr. Sims, a friend of his, who was staying at the Hotel. At approximately 3:30 a.m. Mr. McKinney had a verbal dispute with Ms. Morgado, a female acquaintance, who was also visiting Mr. Sims' Hotel room. Both Mr. Sims and his female acquaintance left the Hotel room.

9. Shortly thereafter, City of Hayward Police Officers arrived on the scene to investigate the disturbance. Ms. Morgado and Mr. Sims both directed the Officers to the Hotel room and further informed the Officers that Mr. McKinney was behaving erratically and appeared to be suffering from some type of mental disturbance. The two also confirmed Mr. McKinney was unarmed.

10. Next, the Officers approached the Hotel room and ordered Mr. McKinney to come outside. In response, Mr. McKinney began dancing around the Hotel room and yelled out to the Officers "show me your tits!" Incident Commander, Sergeant Scott Lunger, formed the opinion Mr. McKinney could be brought into custody without a struggle by sending an arrest team into the Hotel room. Several Officers were assigned to the arrest team and tasked with deploying different levels of force ranging from less-lethal to lethal force should the need arise. First, Sergeant Lunger sprayed pepper-spray under the door, but it had no effect on the Decedent. Then, Sergeant Lunger advised Officer Landreth to open the Hotel room door. Officer Landreth tried to open the room door but could not get it open due to the furniture that was barricaded against it.

11. Realizing the entry plan was botched, Sergeant Lunger tried to stop the Officers from making any further attempts to enter the Hotel room. Nevertheless, Officer Landreth continued to push the door open and stepped into the room with Officer Flores following directly behind him.

Both Officers Landreth and Flores had their guns drawn. The Officers immediately recognized Mr. McKinney was unarmed and naked.

12. Nevertheless, within seconds of entering the Hotel room, Officer Landreth shot Mr. McKinney. Officers Flores and Landreth then ordered Mr. McKinney to get on the ground. As Mr. McKinney was attempting to comply with the Officers' orders Officer Flores shot him two more times, prompting Sergeant Lunger to run into the room and yell at the Officers to stop shooting.

13. The Alameda County Coroner's report indicates the two Officers shot Mr. McKinney once in the lower back, once in the upper back, and once in the back of the shoulder.

## DAMAGES

14. As a consequence of the Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs DIANE MCKINNEY, DEBORAH MCKINNEY, RICHARD MCKINNEY, JACQUELINE TAYLOR and MICHAEL MCKINNEY were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, companionship, love, affection, solace, and moral support.

15. Plaintiffs DIANE MCKINNEY, DEBORAH MCKINNEY, RICHARD MCKINNEY, JACQUELINE TAYLOR and MICHAEL MCKINNEY as the co-successors-in-interest of Decedent's estate is entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b). Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

16. As a further direct and proximate result of Defendants' intentional and/or negligent conduct, Plaintiffs DIANE MCKINNEY, DEBORAH MCKINNEY, RICHARD MCKINNEY, JACQUELINE TAYLOR and MICHAEL MCKINNEY have been deprived of Decedent's support.

17. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 of this Complaint.

19. RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25 violated the Decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

**SECOND CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

20. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 of this Complaint.

21. Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25 above-described conduct violated Decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

**THIRD CAUSE OF ACTION**

**(Wrongful Death)**

**(42 U.S.C. §1983)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

22. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 21 of this Complaint.

23. Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25 acted under color of law by shooting and killing Decedent without lawful justification and subjecting

Decedent to excessive force thereby depriving Plaintiffs and the Decedent of certain constitutionally protected rights, including, but not limited to:

i. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

ii. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

iii. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Violations of Plaintiffs Civil Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

24. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this Complaint as though fully set forth;

25. Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25 acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

//

//

**FIFTH CAUSE OF ACTION**

**(Survival action: Violation of Decedent's civil rights)**

**(42 U.S.C. §1983)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

26. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. Decedent was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

28. Decedent did not file a legal action before his death;

29. Plaintiffs DIANE MCKINNEY, DEBORAH MCKINNEY, RICHARD MCKINNEY, JACQUELINE TAYLOR and MICHAEL MCKINNEY as co-successors-in-interest of Decedent's claim damages for the conscious pain and suffering incurred by Decedent, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

**SITXTH CAUSE OF ACTION**

**(Wrongful Death - Negligence)**

**(C.C.P. §377.60 and 377.61)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

30. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 29 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

31. Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25 inclusive, by and through their respective agents and employees, proximately caused the death of the Decedent, on July 6, 2014 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

32. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their son, Decedent, in an amount according to proof at trial.

33. As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

34. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claims damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**(Violation of Decedent's Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

**EIGTH CAUSE OF ACTION**

**(*Monell*—42 U.S.C. §1983)**

**(**Against CITY OF HAYWARD, and DOES 1-25)

37. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. Plaintiffs are informed and believe and thereon allege that high-ranking CITY OF HAYWARD officials, including high-ranking police supervisors such as Chief of Police Diane Urban, DOES 1-25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by DOES 1-25, and/or each of them.

39. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants CITY OF HAYWARD, DOES 1-25, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

40. Plaintiffs are further informed, believe, and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them encouraged these officers to continue their course of misconduct. Plaintiffs are further informed and believe and thereon allege that these officers' inadequate training contributed and resulted in the violation of the Plaintiffs' rights as alleged herein.

41. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF HAYWARD officials, including high ranking CITY OF HAYWARD Police Department supervisors, Chief of Police Diane Urban and DOES 1-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**

**(Battery)**

(Against Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25, inclusive)

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint.

43. Defendants RICARDO FLORES, KENNETH LANDRETH, and DOES 1-25 above-described conduct constituted battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

44. Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants RICARDO FLORES, KENNETH LANDRETH, and/or DOES 1 through 56 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

**Dated: July 6, 2015**

**ADANTE POINTER, Esq.**
**Attorney for Plaintiffs**